# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2022

Lyle W. Cayce
Clerk

―――――――――

No. 21-50399

―――――――――

CRYSTAL PEREZ, *on behalf of* THE ESTATE OF RICARDO LOZANO, DECEASED,

*Plaintiff—Appellee*,

*versus*

SOUTHEAST SNF, L.L.C., *doing business as* SOUTHEAST NURSING; REHABILITATION CENTER; TEXAS OPERATIONS MANAGEMENT, L.L.C., *doing business as* SOUTHEAST NURSING; REHABILITATION CENTER; ADVANCED HCS, L.L.C., *doing business as* ADVANCED HEALTHCARE SOLUTIONS, *doing business as* SOUTHEAST NURSING; REHABILITATION CENTER,

*Defendants—Appellants*,

CONSOLIDATED WITH

―――――――――

No. 21-50412

―――――――――

ROBERT T. STRAIT, *individually and on behalf of* THE ESTATE OF ROBERT M. STRAIT, DECEASED,

*Plaintiff—Appellee*,

*versus*

No. 21-50399
c/w Nos. 21-50412 & 21-50413

SOUTHEAST SNF, L.L.C., *doing business as* SOUTHEAST NURSING; REHABILITATION CENTER; TEXAS OPERATIONS MANAGEMENT, L.L.C., *doing business as* SOUTHEAST NURSING; REHABILITATION CENTER; ADVANCED HCS, L.L.C., *doing business as* ADVANCED HEALTHCARE SOLUTIONS, *doing business as* SOUTHEAST NURSING; REHABILITATION CENTER,

*Defendants—Appellants*,

CONSOLIDATED WITH

———————————

No. 21-50413

———————————

JOE SALINAS, *individually and on behalf of* THE ESTATE OF ELODIA SALINAS, DECEASED,

*Plaintiff—Appellee*,

*versus*

SOUTHEAST SNF, L.L.C., *doing business as* SOUTHEAST NURSING; REHABILITATION CENTER; ADVANCED HCS, L.L.C., *doing business as* ADVANCED HEALTHCARE SOLUTIONS, *doing business as* SOUTHEAST NURSING; REHABILITATION CENTER; TEXAS OPERATIONS MANAGEMENT, L.L.C., *doing business as* SOUTHEAST NURSING; REHABILITATION CENTER,

*Defendants—Appellants.*

———————————

Appeals from the United States District Court
for the Western District of Texas
USDC Nos: 5:21-CV-88; 5:21-CV-90; 5:21-CV-89

———————————

Before HIGGINBOTHAM, STEWART, and WILSON, *Circuit Judges*.

No. 21-50399
c/w Nos. 21-50412 & 21-50413

Per Curiam:*

Ricardo Lozano, Robert M. Strait, and Elodia Salinas were residents of Southeast SNF, L.L.C.'s nursing homes who tragically died after they contracted COVID-19. Their family members filed these lawsuits in state court on behalf of their estates and individually as heirs and next of kin. Southeast removed the cases to federal court, alleging federal jurisdiction based on (1) federal-officer removal, (2) complete preemption, and (3) the *Grable* doctrine. The district court remanded the cases to state court, a ruling Southeast now challenges on appeal. As this court recently held in *Mitchell v. Advanced HCS, L.L.C.*, No. 21-10477, --- F.4th----, 2022 WL 714888 (5th Cir. Mar. 10, 2022), these are not cases of federal jurisdiction. We affirm the district court's remand orders.

## I.

Lozano, Strait, and Salinas were residents in Southeast nursing facilities. Each of them died during the COVID-19 pandemic at least in part due to contracting COVID-19. Crystal Perez (Lozano's niece), Robert T. Strait (Strait's son), and Joe Salinas (Salinas's son) are the Plaintiffs in this consolidated appeal. They each brought an action in Bexar County, Texas, alleging that Southeast SNF, L.L.C., Texas Operations Management, L.L.C., and Advanced HCS, L.L.C. (collectively, Southeast, or Defendants) violated standards of care and caused injury to their deceased family members.

The virtually identical complaints included claims of negligence and gross negligence.[1] According to the allegations,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Plaintiffs were represented by the same attorney. Plaintiffs also seek Declaratory Judgment pursuant to Texas Civil Practice and Remedy Code Chapter 37.

No. 21-50399
c/w Nos. 21-50412 & 21-50413

> Defendants did not wash their hands, did not screen staff entering the facility, did not check for fever of staff, and did not maintain an infection prevention and control program to prevent the spread of COVID-19. Further, the Defendants failed to put into place proper policies to ensure that the residents were provided standard infection prevention care and failed to ensure that the HHS Rules were complied with by the staff. Defendants were notified that there were blatant violations of these requirements and regulations by staff members, including the failure of the staff to protect residents from infection with COVID-19.

Plaintiffs also alleged that Southeast was "systematically understaffed in March and April of 2020 in an effort to maximize profits" and that Southeast "committed certain acts and/or omissions in the medical/nursing care and treatment of the Plaintiff[s], . . . which constituted negligence." Finally, Plaintiffs asserted that Southeast breached "nondelegable duties by failing to provide rules regarding COVID-19 minimization, failing to provide a reasonably safe nursing home, and failing to hire competent employees."

Southeast removed the cases to federal court, alleging federal officer jurisdiction and federal question jurisdiction. *See* 28 U.S.C. § 1442(a)(1) (federal officer removal); *id.* § 1331 (federal question jurisdiction). According to Southeast, (1) Plaintiffs' claims are based upon Southeast's conduct "acting under" the United States (i.e., Southeast's conduct as a "person acting under" a federal officer); (2) the Public Readiness and Emergency Preparedness (PREP) Act completely preempts Plaintiffs' state law claims; and (3) there is a substantial federal question embedded in Plaintiffs' claims pursuant to *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). Southeast then moved to dismiss each action under Rules 12(b)(1) and 12(b)(6), asserting that "Plaintiff[s'] claims are completely preempted by the PREP Act, which

grants Defendants immunity to liability and suit." Plaintiffs moved to remand, contending that Southeast's removal was improper for lack of subject matter jurisdiction. The district court consolidated the motions and ordered that the cases be remanded. It likewise denied Southeast's motions to dismiss as moot. Southeast timely appealed.

## II.

"Although an order remanding a case to state court is not generally reviewable, 'an order remanding a case to the State court from which it was removed pursuant to section 1442 . . . of [title 28] shall be reviewable by appeal or otherwise.'" *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020) (en banc) (quoting 28 U.S.C. § 1447(d)). "We review the district court's remand order de novo, without a thumb on the remand side of the scale." *Id.* (internal quotation marks and citation omitted).

## III.

"Federal courts have limited jurisdiction. We may only adjudicate cases and controversies to which the federal 'judicial Power' extends." *Mitchell*, 2022 WL 714888, at *1 (quoting U.S. CONST. art. III; citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978)). Southeast offers three grounds by which federal jurisdiction could attach: federal officer removal, complete preemption of state law claims by the PREP Act, and the *Grable* doctrine. Each of these grounds was similarly raised, and rejected, in *Mitchell*. Indeed, *Mitchell* is on all fours with this case, dictating the same result here.

First, Southeast suggests federal officer removal applies. To remove a case to federal court on this basis requires that a defendant show: "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an

act pursuant to a federal officer's directions." *Latiolais*, 951 F.3d at 296; *see* 28 U.S.C. § 1442(a)(1).

The primary point of contention here is the third element—whether Southeast acted under or pursuant to a federal officer's direction. Contrary to Southeast's contentions, that requires more than receiving "permissive guidance, publishing of best practices, helpful suggestions, or a combination thereof" from the Centers for Disease Control and Prevention, the Centers for Medicare and Medicaid Services, and the Department of Health and Human Services. *Mitchell*, 2022 WL 714888, at *6. Though Southeast makes much ado about "operating under extraordinary conditions and guidance," it fails to convince us that such conditions and guidance were more than a "difference in the degree of regulatory detail." *Estate of Maglioli v. All. HC Holdings, LLC*, 16 F.4th 393, 406 (3d Cir. 2021) (internal quotation marks omitted) (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 157 (2007)). The mere fact of federal regulation, even to a high degree of specificity, cannot meet this element. *Mitchell*, 2022 WL 714888, at *7.

Next, Southeast contends the PREP Act fully preempts any state law claims. As a general rule, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where a federal law "completely preempt[s] a field of state law, the state-law claims in the plaintiff's complaint will be recharacterized as stating a federal cause of action." *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 685 (5th Cir. 2001) (internal quotation marks omitted) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000)). But this court determined in *Mitchell* that the PREP Act "does not completely preempt . . . state-law negligence claims." *Mitchell*, 2022 WL 714888, at *3. The PREP Act only creates a cause of action for willful misconduct. *Id.* (citing 42 U.S.C. § 247d-6e(d)(1)). Additionally, the compensation fund created by the PREP

No. 21-50399
c/w Nos. 21-50412 & 21-50413

Act, contrary to Southeast's assertions, "is not completely preemptive under this court's precedents." *Id.* The compensation fund provides no cause of action to supersede state law claims. *Id.* This proffered basis for federal jurisdiction is thus also unavailing.

Finally, Southeast avers that "[e]ven in the absence of complete preemption, jurisdiction exists because a substantial federal question is embedded." Under the *Grable* doctrine, "a federal court [is] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312. That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

In addition to reiterating its arguments related to complete preemption under the PREP Act, Southeast also argues that the PREP Act's "broad grant of immunity, its exclusive remedial scheme, and agency guidance documents create a significant federal issue in the context of the COVID-19 pandemic." *Mitchell*, 2022 WL 714888, at *5. But, as this court has noted, "the relevance of the Act's immunity provisions is defensive, as is its preemptive effect." *Id.* This means that Southeast could potentially assert a preemption defense, but that has nothing to do with whether "federal issues are . . . raised [or] disputed" by the Plaintiffs. *Id.* Therefore, the *Grable* doctrine does not apply in this context. *Id.*

\*     \*     \*

For the reasons stated herein, the district court's remand orders are

AFFIRMED.